IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GEORGE WOLO WASHINGTON,

    *Plaintiff*,

        v.

ROSE M. DELINE

    *Defendant*.

Civil Action No. ELH-15-0853

**MEMORANDUM**

Plaintiff George Wolo Washington, who is self-represented, filed suit against his ex-wife, Rose M. Deline, on March 23, 2015, alleging federal question jurisdiction. ECF 1. Plaintiff appended numerous exhibits to his suit. ECF 1-1 (23 pages). The Court dismissed the case on April 1, 2015, for lack of subject matter jurisdiction. *See* ECF 2 (Memorandum); ECF 3 (Order). Now pending are two motions for reconsideration. ECF 4; ECF 8. No hearing is necessary to resolve them. *See* Local Rule 105.6. For the reasons set forth below, I shall deny both motions.

**I. Factual and Procedural Background[1]**

Mr. Washington alleged in his Complaint that his former wife, Ms. Deline, "is an illegal alien," and he fears she may have removed the couple's thirteen-year-old son from this country. ECF 1 at 3. Plaintiff's complaints about his lack of visitation, and his dissatisfaction with the litigation of his domestic case in the Circuit Court for Howard County, Maryland, are central to the Complaint.

In the Complaint, plaintiff claimed "discrimination of [his] rights, to see [his] biological son by the Howard County Circuit Court of the State of Maryland." ECF 1 at 1. According to

---

[1] The factual allegations are set forth in more detail in this Court's Memorandum filed April 1, 2015. *See* ECF 2. I incorporate here the allegations that were set out in more detail in ECF 2.

Mr. Washington, he is "not getting any cooperation or a fair trial/hearing from the Maryland State Circuit Court of Howard County."  ECF 1 at 2.  Mr. Washington posits in the Complaint that he loves his children "unconditionally," *id.* at 4, and has "always been in their lives since their birth. . . ."  *Id.*[2]  He maintains that he has had an "ongoing problem with visitation," and contends that Ms. Deline is "in contempt of all court orders. . . ."  *Id.*  In addition, he opposes the decision of the Circuit Court for Howard County, "CONDITIONING [his] case for a therapist to prevent [him] from all visitation which is not only a violation of a 13 year old son but as well as to [his] rights as his biological father."  ECF 1 at 4.

As noted, Mr. Washington asserted jurisdiction based on a "federal question."  On April 1, 2015, I entered an Order dismissing the Complaint for lack of subject matter jurisdiction.  ECF 2 (Memorandum); ECF 3 (Order).  As I explained in my Memorandum (ECF 2 at 3), "[f]ederal district courts are courts of limited jurisdiction.  *See Exxon Mobil Corp. v. Allapattach Servs., Inc.*, 545 U.S. 546, 552 (2005); *United States ex rel. Voyyuru v. Jadhav*, 555 F. 3d 337, 347 (4th Cir. 2009)."  Therefore, "[t]hey possess only the jurisdiction authorized them by the United States Constitution and by federal statute."  *Jadhav*, 555 F.3d at 347 (citing *Bowles v. Russell*, 551 U.S. 205 (2007)).

In my Memorandum, I attempted to explain, among other things, that federal courts generally abstain from review of domestic cases litigated in State courts.  ECF 2 at 4.[3]  *See Ankenbrandt v. Richards*, 504 U.S. 689, 701-05 (1992).  While acknowledging that this matter is understandably "difficult" for Mr. Washington (*id.* at 5), I concluded that this Court lacks subject

---

[2] Plaintiff alleges that he is the father of three children, but the Complaint concerns the parties' only minor child.

[3] It appears that the visitation case remains in active litigation in State court. *See Washington v. Deline*, Case No. 13C09077751, Maryland Judiciary Case Search, available at http://casesearch.courts.state.md.us/ (last accessed September 16, 2015).

matter jurisdiction.   Therefore, for the reasons set forth in my Memorandum, I dismissed the case.  *See* ECF 3 (Order dismissing case).

On April 9, 2015, Mr. Washington filed a "Notice Of Appeal."   ECF 5.   On the same date, he filed a "Motion To Appeal" (ECF 4), which was docketed as a motion for reconsideration.  In ECF 4, Mr. Washington expressed disagreement with my ruling, explaining that his son is a United States citizen (ECF 4 at 2), and Ms. Deline "is of a foreign nationality and has no legal documents to reside in this country. . . ."  *Id.* at 1.  He asserted:  "This gives the case . . . federal jurisdictional grounds for any federal justice court to investigate. . . ."  *Id.* Noting that he is a veteran of Iraq/Afghanistan, Mr. Washington complained:  "I have no idea where my son is wheather [sic] he's dead/alive, out of this State of Maryland this country etc. and with all of the continuous complaints I'm not getting any help from the STATE OF MARYLAND COUNTY COURTs.  It is sad that I can go to war and fight for the citizen's freedom . . . and the freedom of my son and I to each other is denied here in this country[.]" ECF 4 at 2.

The appeal was transmitted to the United States Court of Appeals for the Fourth Circuit on April 10, 2015.  ECF 6.  On April 14, 2015, the Fourth Circuit advised that because this Court's docket indicates that the District Court is considering a post judgment motion, it will regard ECF 4 as an appeal filed as of the date the District Court disposes of the matter pending before it (*i.e.*, ECF 4).

On May 14, 2015, Mr. Washington filed a "Motion."   ECF 8.   Among other things, he asked the Court to reconsider its ruling and to grant him his day in court so that he can see his thirteen-year-old son.  *Id.* at 1-2.

On September 15, 2015, the Fourth Circuit inquired as to the status of this case.  ECF 9.

## II.  Discussion

Mr. Washington filed his "Motion To Appeal" (ECF 4) on April 9, 2015, just a few days after the Court issued its Memorandum on April 1, 2015.  His "Motion" (ECF 8) was filed approximately six weeks after issuance of the Memorandum.  It is, in essence, a request for a ruling by the Court as to plaintiff's earlier motion (ECF 4).

Pursuant to Local Rule 105.10, "any motion to reconsider . . . shall be filed with the Clerk not later than fourteen (14) days after entry of the order," except as otherwise provided under Fed. R. Civ. P. 50, 52, 59, or 60.

The Federal Rules of Civil Procedure do not contain an express provision for a "motion for reconsideration" of a final judgment.  *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir.), *cert. denied*, 132 S. Ct. 115 (2011).  But, to avoid elevating form over substance, a motion to reconsider may be construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or a motion for relief from judgment under Fed. R. Civ. P. 60(b).  *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 278-80 (4th Cir. 2008).

Fed. R. Civ. P. 59(e) is captioned "Motion to Alter or Amend a Judgment."  It states:  "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  A district court may amend a judgment under rule 59(e), *inter alia*, to "prevent manifest injustice."  *Hutchinson v. Stanton*, 994 F.2d 1076, 1081 (4th Cir. 2002).

A motion filed outside the 28-day window set forth in Rule 59(e) is considered under Rule 60, captioned "Relief from a Judgment or Order."  *See In re Burnley*, 988 F.2d 1, 2-4 (4th Cir. 1992) (construing untimely Rule 59(e) motion as a Rule 60(b) Motion).  Fed. R. Civ. P. 60(b) sets forth a variety of grounds for relief from a final judgment or order.  It permits a party to file a motion to "relieve [the] party . . . from a final judgment" for "any . . . reason that

justifies relief," Fed. R. Civ. P. 60(b)(6), as well as other enumerated reasons. *See Liljeberg v. Heath Serv. Acquisition Corp.*, 486 U.S. 847, 863 (1988) (noting that 28 U.S.C. § 455 "does not, on its own, authorize the reopening of closed litigation" but that Rule 60(b) "provides a procedure whereby, in appropriate cases, a party may be relieved of a final judgment.").

In particular, Rule 60(b) allows a party to obtain relief from a final judgment based on:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Rule 60(c) governs the timing for filing of a Rule 60 motion.  As to reasons 1, 2, and 3, the motion must be filed within a year after entry of judgment.  Otherwise, such a motion must be made "within a reasonable time. . . ."

The timing of the filing of the motion is the key factor in ascertaining which rule applies. The Fourth Circuit has said that "a motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than [28] days after entry of the adverse judgment and seeks to correct that judgment." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 412 (4th Cir. 2010) (citing *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996)); *see In re Burnley*, 988 F.2d at 2-3; *Lewis v. McCabe, Weisberg & Conway, LLC*, No. DKC 13-1561, 2015 WL 1522840, at *1 (D. Md. Apr. 1, 2015).

As noted, Mr. Washington's initial motion (ECF 4) was filed well within twenty-eight days of the filing of the Order at issue.  Therefore, Rule 59(e) applies as to it.  His second motion

(ECF 8) was filed about six weeks after my ruling, and thus Rule 59(e) would not seem to apply to it.  However, in substance, the second motion (ECF 8) seems to be a request for a ruling on the earlier motion.  Thus, I shall analyze both motions under Rule 59(e).  I note, however, that my ruling would be the same under Rule 60(b).

Although the plain language of Rule 59(e) does not provide a particular standard by which a district court should evaluate a motion to alter or amend judgment, the Fourth Circuit has clarified:  "Our case law makes clear [ ] that Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (internal quotations omitted); *see Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006); *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002), *cert. denied*, 538 U.S. 1012 (2003); *E.E.O.C. v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997).

One purpose of Rule 59(e) is to "permit[] a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)), *cert. denied*, 525 U.S. 1104 (1999).  But, the Fourth Circuit has cautioned that a party may not use a Rule 59(e) motion to "raise arguments which could have been raised prior to the issuance of the judgment," or to "argue a case under a novel legal theory that the party had the ability to address in the first instance."  *Id.*; *see also Nat'l Ecol. Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007) ("Rule 59(e) motions are 'aimed at reconsideration, not initial consideration.'") (citation

6

omitted).  "A motion under Rule 59(e) is not authorized 'to enable a party to complete presenting his case after the court has ruled against him.'"  *Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996) (quoting *Frietsch v. Refco, Inc.,* 56 F.3d 825, 828 (7th Cir.1995));  *see* 11 WRIGHT ET AL, FED. PRAC. & PROC. CIV. § 2810.1 (3d ed.) (stating "In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied").

Of import here, "[m]ere disagreement [with a court's ruling] does not support a Rule 59(e) motion."  *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993); *see United States ex rel. Becker*, 305 F.3d at 290.  Indeed, "'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'"  *Pac. Ins Co.*, 148 F.3d at 403 (citation omitted).

Plaintiff does not contend that there has been an intervening change in controlling law or newly discovered evidence.  Rather, Mr. Washington claims that the Court erred.

In my view, plaintiff's motions are without merit.  Plaintiff merely reiterated many of his factual allegations and, to be sure, he expressed profound disagreement with the Court's ruling. But, he sets forth no grounds, either under Rule 59(e) or Rule 60(b), for reconsideration of the Order dismissing the case for lack of subject matter jurisdiction.  Therefore, I will deny both motions, for the reasons set forth in my earlier Memorandum (ECF 2).

An Order follows, consistent with this Memorandum.


Dated:  September 16, 2015                                  /s/
                                                      Ellen Lipton Hollander
                                                      United States District Judge


7